Filed 6/11/25  P. v. Stewart CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334890 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A037377) |
| v. | |
| DENNIS LEONARD STEWART, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Affirmed.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

**MEMORANDUM OPINION[1]**

Defendant Dennis Leonard Stewart appeals from an order following an evidentiary hearing denying his petition for resentencing under Penal Code section 1172.6.[2] His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 identifying no issues. Stewart thereafter filed a supplemental brief acknowledging guilt on his murder and attempted murder convictions and arguing there was insufficient evidence to support the jury's true finding on the special circumstance allegation in his original trial along with other claims outside the scope of a section 1172.6 proceeding. For the reasons explained below, we affirm the trial court's order.

**A. Factual and Procedural Background**

On June 2, 1987, a woman named Lisa Gordon stole $4,000 in cash from Stewart and another man, Benjie Dean Brookins, and took it with her to the house of Michael Durham. Later that same night, Stewart and Brookins went to Durham's house armed with guns to confront Gordon and recover the money. Gordon was shot multiple times and died. Durham was shot in the leg and survived. Stewart and Brookins recovered the money; they also took a bracelet and a watch from Gordon. Durham asserted that after the shootings he discovered approximately $40 was missing from a dresser in his home.

As relevant here, a jury found Stewart guilty of murder for killing Gordon along with finding true a special circumstance

---

[1] See California Standards of Judicial Administration, section 8.1(1).

[2] All unspecified statutory references are to the Penal Code.

2

allegation that the murder was committed during a robbery, guilty of the attempted murder of Durham, and guilty of one count of robbery as to Gordon. The jury also found true various enhancements. The jury acquitted Stewart of robbery as to Durham. The trial court sentenced Stewart to life without the possibility of parole (LWOP). After a direct appeal, we affirmed his conviction and sentence. (*People v. Brookins et al.* (Jan. 26, 1994, B056728) [nonpub. opn.].)

Asserting he was 24 years old at the time of his offenses, Stewart filed a motion in 2022 requesting a hearing to preserve evidence in anticipation of a future youthful offender parole hearing under section 3051. The trial court denied the motion, finding Stewart was ineligible for such a hearing due to his LWOP sentence. Stewart appealed, and we affirmed. (*People v. Stewart* (July 29, 2024, B330762) [nonpub. opn.].)

On April 10, 2023, Stewart filed a section 1172.6 petition. He alleged that he had been convicted of murder pursuant to a theory of felony murder; he was eligible for resentencing because he could not presently be convicted of murder due to changes to sections 188 and 189; and he was not a major participant in the felony and did not act with reckless indifference to human life during the felony. The court appointed counsel for Stewart, received further briefing from the parties, found Stewart had made a prima facie case for relief, and issued an order to show cause.

After an evidentiary hearing on October 11, 2023, the court found beyond a reasonable doubt that Stewart "went [to Durham's house] with an intent to kill," "acted on that intent to kill" by shooting Gordon, and that the shots fired by Stewart contributed to Gordon's death. As to Durham, the court found

3

that Stewart, acting with the intent to kill, directly aided and abetted Brookins in the attempt to murder Durham.  Given the court's finding that Stewart was guilty of murder and attempted murder under current law, the court denied the resentencing petition.

## B.    Discussion

Stewart now appeals the denial of his section 1172.6 petition.  His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error.  (See *People v. Delgadillo*, *supra*, 14 Cal.5th 216.)  In *Delgadillo*, our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit.  In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231-232.)  Stewart's counsel complied with her obligations under *Delgadillo*, and we received a supplemental brief from Stewart on March 12, 2025.

Stewart's supplemental brief admits he shot and helped kill Gordon, and does not dispute he aided and abetted Brookins in shooting Durham.[3]  He instead argues the resentencing court

---

[3] Stewart's brief states at one point that "intent to kill is a necessary element[.]  It must be proved, and it cannot be inferred merely by the commission of another dangerous crime[.]

4

should have stricken the special circumstance finding (and with it his LWOP sentence) because (1) the $4,000 belonged to him and his "purpose was not to steal his own property but to kill Gordon in retaliation for her theft," and (2) Gordon's jewelry was purportedly taken after she was dead which "negates a finding that an intent to steal that jewelry motivated the shooting." Stewart also asserts alleged instructional error resulted in his jury erroneously finding the special circumstance true and that the jury's verdict was inconsistent.

Putting aside that nothing in the record indicates Stewart made these arguments before the resentencing court, section 1172.6 does not provide a vehicle to attack the jury's special circumstance finding in this case. Section 1172.6 requires the People "to prove, beyond a reasonable doubt, that [Stewart] is guilty of murder or attempted murder under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (*Id*., subd. (d)(3).) The evidence here met that burden, and the resentencing court so found. The prosecution is not required to prove, nor does section 1172.6 permit the court to strike, a special circumstance finding in addition to determining

---

[Citations.] The legal requirements of aiding and abetting [*sic*]. Trial court committing [*sic*] reversable error by misunderstanding the interpretation of aiding and abetting." It is unclear what Stewart means by these statements, as elsewhere he admits he had the intent to kill Gordon and that he aided and abetted Brookins. In any event, the evidence amply supports the resentencing court's conclusion that Stewart acted with an intent to kill and to aid and abet Brookins in trying to kill Durham, and Stewart identifies no legal error in the resentencing court's consideration of the evidence before it.

guilt on the murder and attempted murder counts under current law.[4]

Stewart's supplemental brief also refers to case law developments following our decision affirming the trial court's order that he was not entitled to a youthful offender parole hearing. Any issues regarding entitlement to a youthful offender parole hearing are unrelated to resentencing pursuant to section 1172.6, and not before us in this appeal.

Lastly, although we recognize our discretion to conduct an independent review of the record (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232), we decline counsel's request that we do so as nothing suggests it is necessary.

---

[4] We additionally note that Stewart's arguments concerning the alleged lack of factual support for the true finding on the special circumstance repeat claims he made, and we rejected, in his direct appeal. (*People v. Brookins et al., supra*, B056728.) "Section 1172.6 does not create a right to a second appeal" resurrecting such claims. (*People v. Burns* (2023) 95 Cal.App.5th 862, 865.)

## DISPOSITION

The order denying resentencing is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.